# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON LAU, | CASE NO. 1:09 cv 00022 MJS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DERRAL ADAMS, | (Doc. 1) |
| Defendant. | |

## Screening Order

**I.   Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction under to 28 U.S.C. § 636(c)(1). Plaintiff filed the action on January 26, 2009.

On April 8, 2009, an order was entered granting Plaintiff's motion for leave to file an amended complaint. Plaintiff did not file an amended complaint within the allotted time, and on June 19, 2008, an order was entered directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute. On June 30, 2009, Plaintiff filed a response setting forth allegations regarding the conditions of his confinement and attaching copies of inmate grievances. In an August 27, 2009, order the court advised Plaintiff that additional allegations had to be set forth, if at all, in an amended complaint. The court discharged the order to show cause and granted Plaintiff thirty days to file an amended complaint. Plaintiff was advised that if he failed to file an amended complaint, the court would proceed with and screen the original complaint.

1

On August 26, 2009, Plaintiff filed a document styled as a notice of appeal. It did not specify what order was being appealed. On October 22, 2009, the U.S. Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction. On November 13, 2009, this court received the mandate from the Ninth Circuit. To date, Plaintiff has not filed an amended complaint. The court therefore addresses the original complaint.

The Court is required to screen complaints brought by prisoners when the complaint seeks relief against a governmental entity or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Except in limited circumstances, none of which applies to a section 1983 action such as this, Rule 8(a)'s simplified pleading standard applies to all civil actions . Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the R. J. Donovan Correctional Facility in San Diego. Plaintiff names as the sole defendant in this action Derral G. Adams, the Warden at California State Prison (CSP) Corcoran. In section III B of the complaint, Plaintiff lists as additional defendants "other guards,

do not know names." Plaintiff's statement of claim, in its entirety, follows:

> Plaintiff was put in SHU for ten months and CSP suppose release Lau to RJD Donovan State Prison on Oct 25, 2008, until now the Warden still keeping me in 24 hours isolated lock up confinement, let me suffering emotional and physically injury, violating my civil right by Warden Adams.

(Compl., ¶ IV.)   Plaintiff seeks to be released to RJ Donovan Correctional Facility, and damages for "wrongful confinement" in the Security Housing Unit (SHU). (Compl, ¶ V.)

### A.   SHU Placement

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulation is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

In order to be entitled under federal law to any procedural due process protections, Plaintiff must first have a liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from being segregated in security housing or administrative segregation. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)(convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no

protected liberty interest in being fee from confinement in the SHU) (quotations omitted). Plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process unless he is able to establish the existence of a liberty interest in remaining free from administrative segregation. He has not done so.

### B. Supervisory Liability

The sole defendant in this action is Warden Adams. Plaintiff does not indicate what, if any, conduct Defendant Adams engaged in that caused him injury. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

Further, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that Warden Adams participated in, or knew of and failed to prevent, the alleged wrongs.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not

1  change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George</u>,
2  507 F.3d at 607 (no "buckshot" complaints).
3       Plaintiff's amended complaint should be brief, but must state what each named defendant did
4  that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at
5  987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to
6  relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965
7  (2007) (citations omitted).
8       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
9  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567
10 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
11 pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original
12 complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing
13 to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at
14 1474.
15      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
16     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
17     2.    The Clerk's Office shall send Plaintiff a complaint form;
18     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
19        amended complaint;
20     4.    Plaintiff may not add any new, unrelated claims to this action via his amended
21        complaint and any attempt to do so will result in an order striking the amended
22        complaint; and
23     5.    If Plaintiff fails to file an amended complaint within the time provided, the Court will
24        recommend that this action be dismissed, with prejudice, for failure to state a claim.
25
26 IT IS SO ORDERED.
27 **Dated:   May 6, 2010**             **/s/ Michael J. Seng**
                                          UNITED STATES MAGISTRATE JUDGE
28