# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON LAU,<br><br>    Plaintiff,<br><br> v.<br><br>DERRAL ADAMS,<br><br>    Defendant.<br>_____/ | CASE NO. 1:09-cv-22-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>PLAINTIFF'S RESPONSE DUE 8/18/10 |

   Plaintiff Hon Lau ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 7, 2010, the Court ordered that Plaintiff's Complaint be dismissed for failure to state a claim and granted Plaintiff thirty days to file an amended complaint. (ECF No. 24.) To date, Plaintiff has not complied with or otherwise responded to the Court's order. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted under section 1983.

   Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause not later than August 18, 2010 why the above-captioned action should not be dismissed for failure to prosecute. Plaintiff is hereby on notice that failure to respond to this order, and/or file an amended complaint, by August 18, 2010 will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   July 13, 2010              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE