# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON LAU, | CASE NO. 1:09-cv-22-MJS (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE |
| DERRAL ADAMS, | |
| Defendant. | (ECF No. 28) |

Plaintiff Hon Lau, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2009. Plaintiff has consented to a magistrate judge handling all matters in this case. (ECF No. 5.)

On May 7, 2010, the Court dismissed Plaintiff's Complaint for failure to state a claim. (ECF No. 24.) The Court granted Plaintiff leave to file an amended complaint within thirty days. On June 15, 2010, after more than thirty days passed and Plaintiff failed to file an amended complaint, the Court ordered him to show cause by August 18, 2010 as to why this action should not be dismissed for failure to prosecute. (ECF No. 28.) Plaintiff was warned that failure to file a response to the order and/or file an amended complaint would result in dismissal of the action. (Id.) To date, Plaintiff has not filed an amended complaint or otherwise responded to the Court's show cause order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to

dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

The Court previously found that Plaintiff's Complaint failed to state a claim upon which relief could be granted.  (ECF No. 24.)  Despite being given ample time, Plaintiff has failed to amend his claims.  This action can proceed no further without Plaintiff filing an amended complaint, and the Court cannot allow the case to simply remain idle on its docket.  The Court is left with no alternative but to dismiss the action for failure to prosecute.

Accordingly, this action is HEREBY DISMISSED for failure to state a claim and failure to prosecute.  The Clerk is directed to close the case.

IT IS SO ORDERED.

Dated:   August 24, 2010          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

2