# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON LAU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DERRAL ADAMS,<br><br>　　　　　Defendant.<br>_____/ | CASE NO.   1:09-cv-22-MJS (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 34) |

　　　　Plaintiff Hon Lau ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.

　　　　On August 25, 2010, the Court dismissed Plaintiff's action due to Plaintiff's failure to state a claim in his Complaint and his failure to prosecute. (ECF No. 29.) Over a year later, on August 29, 2011, Plaintiff filed a document entitled "Notice of Change of Address Motion for Re-Consideration". (ECF No. 34.) In the body of the document, Plaintiff provides only his new address. (Id.) He provides no support for a motion for reconsideration and does not even say what order, if any, he would like reconsidered. (Id.)

　　　　Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration

of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has provided no basis for his Motion for Reconsideration, and has not shown clear error or other meritorious grounds for relief. He has not met the burden imposed on a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Plaintiff's Motion for Reconsideration (ECF No. 34) is DENIED, with prejudice.

IT IS SO ORDERED.

Dated: October 2, 2011                /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE